**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MAURICE LAMONT VINSON-JACKSON,

     Plaintiff,           Civil Action No. 2:21-CV-10942
v.                     HONORABLE ARTHUR J. TARNOW
                           UNITED STATES DISTRICT COURT
CHRISTINA M. GUIRQUIS, et. al.,

     Defendants,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING**
**THE CIVIL RIGHTS COMPLAINT**

## I.  Introduction

Before the Court is Plaintiff Maurice Lamont Vinson-Jackson's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner incarcerated at the Saginaw Correctional Facility in Freeland, Michigan.  The Court has reviewed the complaint and now **SUMMARILY DISMISSES THE COMPLAINT IN PART WITHOUT PREJUDICE AND IN PART WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

## II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have
been paid, the court shall dismiss the case at any time if the court
determines that:
(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such
relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000)(citing *Neitzke*, 490 U.S. at 327–28); *See also Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir.1990).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff alleges that the defendants in this case wrongly charged and convicted him of a crime. [1]  Plaintiff claims that several of the defendants in this case, police officers, illegally searched his girlfriend's home, recovering evidence that was used against plaintiff at his criminal trial.  Plaintiff claims that the police damaged his girlfriend's house during the search and seizure.  Plaintiff claims that he was arrested by members of the Detroit Police Department Gang Squad

---

[1]  Plaintiff does not specify the crimes he was convicted of but the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted in the Wayne County Circuit Court of second-degree murder, felon in possession of a firearm, and felony-firearm.
https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=482532

at his girlfriend's house in Southfield, Michigan, but taken to the Mound
Correctional Center in Detroit, Michigan, where he was held in administrative
segregation.  Plaintiff claims he was interrogated by the police without being
advised of his *Miranda* rights.  Plaintiff claims that the interrogation ended when
he requested an attorney.  Plaintiff was then arraigned on the charges.  Plaintiff
claims that the criminal charges were authorized by defendant Guirquis, an
assistant Wayne County Prosecutor.  Plaintiff alleges that the assistant
prosecutor had a conflict of interest because she was related to the victim.
Plaintiff claims that the police officers gave perjured testimony at various pre-trial
hearings and at trial.  Plaintiff also claims he was not provided with medical
treatment while incarcerated at the Wayne County Jail.

Plaintiff seeks to have his criminal conviction overturned and monetary
damages from each defendant.  Plaintiff seeks monetary damages for the
damages done to his girlfriend's house and for an electronic document taken
from the home.

### IV. Discussion

Plaintiff is unable to obtain monetary damages arising from his criminal
conviction, absent a showing that his criminal conviction had been reversed or
overturned.  To recover monetary damages for an allegedly unconstitutional
conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or
sentence was reversed on direct appeal, expunged by executive order,
invalidated by a state tribunal, or otherwise vacated by the issuance of a federal

writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Plaintiff does not allege that his conviction was overturned, expunged, or called

into question by a writ of habeas corpus, thus, his allegations relating to his

criminal prosecution, conviction, and incarceration against the defendants fail to

state a claim for which relief may be granted and must, therefore, be dismissed.

See *Adams v. Morris,* 90 F. App'x. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140

F. Supp. 2d 748, 756 (E.D. Mich. 2001). Plaintiff's lawsuit against the defendants

for the alleged illegal search and seizure is also subject to dismissal under *Heck*,

to the extent that it challenges the validity of his conviction. *See Schilling v.*

*White*, 58 F. 3d 1081, 1085 (6th Cir. 1995).

To the extent that plaintiff seeks to have his criminal conviction set aside in

this civil rights action, the civil rights complaint is subject to dismissal. Where a

state prisoner is challenging the very fact or duration of his physical

imprisonment and the relief that he seeks is a determination that he is entitled to

immediate release or a speedier release from that imprisonment, his sole federal

remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S.

475, 500 (1973). A plaintiff cannot seek injunctive relief relating to his criminal

conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).

Instead, "§ 1983 must yield to the more specific federal habeas statute, with its

attendant procedural and exhaustion requirements, where an inmate seeks

injunctive relief challenging the fact of his conviction or the duration of his

sentence." *Id.*

This Court, however, declines to construe plaintiff's civil rights complaint as a habeas petition because plaintiff does not allege that his claims have been exhausted with the state courts, nor does the complaint comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. See *Parker v. Phillips,* 27 F. App'x. 491, 494 (6th Cir. 2001).  OTIS indicates that plaintiff was sentenced on March 8, 2021, making it highly unlikely that he has completed his state court appeals with respect to his conviction.  In addition, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. See *Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

To the extent that plaintiff sues some of the defendants for allegedly committing perjury at the pre-trial hearings or at his trial, plaintiff is not entitled to relief.

The Sixth Circuit has noted that "all witnesses—police officers as well as lay witness—are absolutely immune from civil liability based on their trial testimony in judicial proceedings." *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009)(citing *Briscoe v. Lahue,* 460 U.S. 325, 328 (1983).  Plaintiff is not entitled to maintain an action against the defendants because of alleged perjury in his state court proceedings.

The Court dismisses the claims related to plaintiff's conviction.  Because the Court is dismissing plaintiff's claims pursuant to *Heck v. Humphrey*, the dismissal

with respect to these claims will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

Plaintiff also seeks monetary damages arising from the search of his girlfriend's house.

As an initial matter, plaintiff most likely does not have standing to bring any challenges related to the search of his girlfriend's house.  "In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell,* 199 F. 3d 350, 357 (6th Cir. 2000)(collecting cases).  "Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members" *Id.*  A property owner's Fourth Amendment claim against police officers, arising from their execution of search warrant at the owner's property is personal and cannot be asserted vicariously by another party. *See Bonds v. Cox*, 20 F.3d 697, 701 (6th Cir. 1994).  A plaintiff can maintain a Section 1983 lawsuit only if he or she can establish that he or she has a reasonable expectation of privacy at the house. *Id.*  Plaintiff has neither alleged nor shown any reasonable expectation of privacy at his girlfriend's house.  He cannot maintain a Section 1983 lawsuit involving any damage to her property from the search of her home.

Even if plaintiff could establish standing, his claim fails for another reason. An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment so long as a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533(1984); *Bass v. Robinson*, 167 F. 3d 1041, 1049 (6th Cir. 1999).  A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983). If a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his or her state remedies, the case should be dismissed. *See Bass,* 167 F. 3d at 1050.

Plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for any losses that may have arisen from the search and seizure, nor does he even indicate that he has attempted to obtain relief from any court or tribunal in Michigan.  "State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F. 3d 342, 349 (6th Cir. 1999).  Because plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, his claim is subject to dismissal.

Michigan has several post-deprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property, M.C.L.A. 600.2920, which provides a civil action to recover possession of or damages for

goods and chattels unlawfully detained, and M.C.L.A. 600.6401, the Michigan

Court of Claims Act, which establishes a procedure to compensate for alleged

unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F. 3d 476, 480

(6th Cir. 1995).

Because Michigan provides plaintiff with adequate post-deprivation

remedies for the loss of his property, plaintiff would be unable to obtain money

damages arising from the search and seizure of his girlfriend's home. *Vicory v.*

*Walton*, 721 F. 2d at 1065-66 (Prosecutor and sheriff were not liable under

section 1983 on theory that when they ordered seizure of, and seized,

respectively, plaintiff's trailer during criminal prosecution, they deprived plaintiff of

his property under color of state law, without just compensation, where plaintiff,

who could have resorted to an action in an Ohio court for forcible entry and

detainer, failed to prove the inadequacy of state processes, including state

damage remedies to redress the claimed wrong); *Campbell v. Shearer*, 732 F.2d

531, 533-34 (6th Cir. 1984)(plaintiff failed to allege and prove any deficiency in

State of Michigan's corrective procedures for improper seizure of money from his

home, and thus he was unable to satisfy due process element of his section

1983 claim and his cause of action for constitutional deprivation of property was

subject to dismissal).

Lastly, plaintiff mentions that he was denied medical care while

incarcerated at the Wayne County Jail.  It is unclear if plaintiff is seeking relief on

these allegations but to the extent that he is, plaintiff is not entitled to relief.

9

A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978)(Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995)(plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F. 2d 246, 251 (6th Cir. 1983).

Plaintiff does not allege that any of the named defendants were responsible for his medical care at the Wayne County Jail.  Plaintiff's medical care allegations are subject to dismissal because he has failed to allege or show that the named defendants had any personal involvement in his medical treatment or that they were aware that jail officials had failed to provide medical care to plaintiff during his incarceration. *See Tate v. Lowery,* 73 F. App'x. 866, 868 (6th Cir. 2003).

## V.  ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED IN PART WITH PREJUDICE** for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B), and in part **WITHOUT PREJUDICE**.  Based on the preceding order, this Court certifies that any appeal by plaintiff would be

10

frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

 s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
**Dated: July 19, 2021**          UNITED STATES DISTRICT JUDGE